UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENORA GREENE, *et al.*,

        Plaintiff,

v.

ROCHESTER VILLAS
APARTMENTS, INC., *et. al.*,

        Defendant.
_____/

Case No: 25-13926
Hon. F. Kay Behm
U.S. District Judge

**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2), AND DENYING MOTION TO SUPPLEMENT COMPLAINT (ECF No. 5)**

Before the court are a motion to amend/correct (or supplement) the complaint (ECF No. 5), a proposed "supplemental" complaint (ECF No. 6), and an application to proceed without prepaying fees and costs (ECF No. 2). For the reasons explained below, the court denies both motions, rendering the proposed supplemental pleading inoperative, and invites Plaintiff(s) to file an amended complaint if they wish to incorporate new allegations or add parties.

**I.    Motion to Amend/Correct Complaint (ECF No. 5)**

1

Under Rule 15(d), on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15. Plaintiffs Genora Greene and proposed Plaintiff Clayvion Winn ostensibly filed 1) a motion to supplement the complaint under 15(d) (ECF No. 5), and 2) a document they term a supplemental complaint under 15(d) (ECF No. 6).

The court **DENIES** the motion to supplement the complaint (ECF No. 5). The document at ECF No. 6 is not easily reconcilable with the complaint (ECF No. 1) and will therefore not promote the efficient resolution of this matter.[1] The "supplemental" complaint adds a Plaintiff (Winn) and ten John/Jane Doe Defendants and, by omission of most Defendants from the case caption, possibly intends to dismiss many Defendants from this action. The court and the eventual Defendants in this action "should not have to guess at" the identities of

---

[1] Courts generally "liberally construe Rule 15(d) absent a showing of prejudice to the defendant[.]" *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988). Other than the requirement that the new factual allegations occurr after the original complaint, courts largely treat 15(d) as similar in function to 15(a). *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015) ("Leave to supplement a complaint with "post-complaint transactions, occurrences or events . . . should be liberally granted unless good reason exists for denying leave").

the parties. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012). On the other hand, no prejudice will be suffered by Defendants by simply amending the operative pleading entirely before any Defendant is served. And this District's local rules express a clear preference for amended complaints in their entirety rather than a piecemeal approach to pleading. *See* LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.").

Finally, every pleading must be signed by each unrepresented party it brings claims on behalf of. Fed. R. Civ. P. 11(a). The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. *Id*. The supplemental complaint at ECF No. 6 purports to be brought on behalf of both Genora Greene and Clayvion Winn. However, Winn's signature does not appear on that document. ECF No. 6, PageID.97. Nor does Greene's. *Id*. Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature,

and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (noting that some "local rules on electronic filing provide some assurance . . . that the submission is authentic[,]" but without any rule so saying, declining to read "the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names."); Fed. R. Civ. P. 5(d)(3)(C) (permitting electronic signatures, but only on a signature block and when filed through that individual's electronic filing account); *see also Mertens v. Biden*, No. 4:24-cv-01405-RHH, 2025 LX 351418, 2025 WL 2652903, at *2 (E.D. Mo. Sep. 15, 2025) (under that district's local rules, "a typed name counts as a signature only when the filer submits the document through that person's own electronic account"). In this district, in the absence of a handwritten signature, "[a] paper filed electronically must include a signature block containing the name of the filing user represented by "s/", "/s/" or a scanned signature, . . . ." E.D. Mich.

4

Electronic Filing Policies and Procedures R10.  Thus even if the court otherwise granted the motion to supplement, it would nonetheless have to strike the proposed pleading because the lack of signatures does not comply with Rule 5 or Rule 11.

The document at ECF No. 6 is, therefore, <u>not</u> operative as a pleading or supplemental pleading in this matter.  If Plaintiff Greene wishes to add Winn as a co-plaintiff, add or subtract defendants, add factual allegations, and/or add causes of action, she should file an amended complaint that incorporates those changes.  *See* Fed. R. Civ. P. 15(a).

## II.   Application to Proceed Without Prepaying Fees and Costs (ECF No. 2)

Plaintiff Greene also filed an application to proceed *in forma pauperis*.  ECF No. 2.  Proceeding in forma pauperis is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  Greene lists income of approximately $1,285.00 per month, and no debts or regular expenses.  ECF No. 2, PageID.87-88.  While the court assumes that Greene has some amount of regular monthly

expenses, it is impossible to evaluate her alleged inability to pay the filing fee without more information. *See Young v. Nessel*, No. 20-12707, 2021 WL 5713678, at *1 (E.D. Mich. Apr. 16, 2021) ("Inadequate completion of an application to proceed *in forma pauperis* is grounds for denial of that application in the Eastern District of Michigan."). Greene's application to proceed without prepaying fees and costs (ECF No. 2) is therefore **DENIED WITHOUT PREJUDICE**.

Should Plaintiff(s) file a second amended complaint, all plaintiffs must file an application to proceed without prepaying fees and costs, else the filing fee must be paid by any plaintiff who does not file such an application. If applications to proceed without prepaying fees and costs are not received from all Plaintiff(s), **the filing fee shall be due on February 5, 2026.** Receipt of applications to proceed without prepaying fees and costs from all Plaintiffs will toll that deadline.

### III. Notice to Plaintiff(s)

Having reviewed the original complaint and proposed supplemental pleading, a few notes may assist in moving this case forward more smoothly and possibly avoid some stumbling blocks. First, Greene may not prosecute this case on Winn's behalf. *See* Fed. R.

Civ. P. 11.  Title 28 of the United States Code, Section 1654 establishes the right of parties to appear on their own behalf, but not on behalf of others.  *Christenson v. City of Roseville*, No. 18-1059, 2018 U.S. App. LEXIS 14305, at *4 (6th Cir. May 30, 2018) ("a non-lawyer . . . may not bring an action on behalf of another party"); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves") (internal citation omitted).  Winn's signature, which must appear on Plaintiffs' joint filings, will serve to represent that he has personally complied with Rule 11 as to each such filing.  Fed. R. Civ. P. 11(b).

Second, the court reminds Plaintiffs that when an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000).  Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

7

Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  To state a claim on which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[D]etailed factual allegations" are not necessary, and exhibits may be attached to the complaint, but the complaint itself must contain numbered paragraphs, the complete set of factual allegations, and "more than an unadorned, the-defendant-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8, 10(b).  Should Plaintiff(s) re-file applications to proceed without prepaying fees and costs, the court will screen their complaint or amended complaint under Section 1915(e).

**SO ORDERED**.

Date: January 5, 2026         <u>s/F. Kay Behm</u>
                              F. Kay Behm
                              United States District Judge

9