UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENORA GREENE, *et al.*,

    Plaintiffs,

v.

Case No. 25-13926

Hon. F. Kay Behm

ROCHESTER VILLAS
APARTMENTS, INC., *et. al.*,

    Defendants.
_____/

**ORDER DENYING MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER (ECF No. 8)**

Plaintiff Genora Greene filed this motion for temporary restraining order and preliminary injunction on January 5, 2026. ECF No. 8. But Greene also filed an application to proceed without prepaying fees and costs three days later, and because that application has not yet been granted and service ordered (or unless Plaintiff pays the filing fee), no Defendant has been served nor appeared in this

action. *See* ECF No. 10.[1] The motion is thus brought *ex parte*, and because the court finds that Plaintiff has not met the standard for granting *ex parte* relief, the motion is denied.

## I. Factual Background

Plaintiff seeks to restrain certain Defendants from holding state court proceedings on Jan. 7, 2026, in the "52nd District Court and 41B District Court." ECF No. 8, PageID.125. It is not clear exactly what these proceedings entail, but allegedly involve "housing/eviction." *Id.*

## II. Analysis

Prior to considering the merits of Plaintiff's request, the court must be satisfied that *ex parte* relief is appropriate. "The only type of injunctive relief that a district court may issue *ex parte* is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993); Fed. R. Civ. P. 65(b).[2] According to Federal Rule of

---

[1] Plaintiff's application at ECF No. 10 requires that the court screen her complaint under 28 U.S.C. § 1915. Her lengthy list of defendants and difficult-to-decipher complaint mean that the court is not yet prepared to issue an order on her application. The court also notes that Plaintiff had neither paid the filing fee nor submitted her application prior to the date she alleges the hearings would be held (January 7, 2026); any prejudice to her case caused by the failure to serve any Defendant prior to that date is attributable to her own inaction.

[2] Plaintiff's *ex parte* request for a preliminary injunction is therefore denied because that form of relief is not available in this posture.

Civil Procedure 65(b), the "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if:*

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* (emphasis added). These "stringent restrictions . . . on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). An *ex parte* temporary restraining order is "only appropriate where the applicant would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*, 905 F. Supp.2d 782, 791 (E.D. Mich. 2012).

3

The Sixth Circuit has explained that "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at 650. It also described "another limited circumstance for which the district court may proceed *ex parte*: where notice to the defendant would render fruitless further prosecution of the action." *Id*.

Plaintiff has not satisfied the requirements of Rule 65(b)(1), which requires a party to clearly show irreparable and immediate injury and certify why notice should not be required. She does not claim or provide any evidence that would tend to show that the Defendants are "unable to be found" or that notice would render the action "fruitless." She does not, for that matter, identify the specific Defendants she seeks to enjoin.

Therefore, it is **ORDERED** that Plaintiff's motion for temporary restraining order (ECF No. 8) is **DENIED.**


Dated: January 22, 2026               s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge

4