UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENORA GREENE,

      Plaintiff,

v.

ROCHESTER VILLAS
APARTMENTS, INC., *et. al.*,

      Defendants.

_____ /

Case No. 25-13926

F. Kay Behm
United States District Judge

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 10) AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM (ECF No. 1)

Plaintiff Genora Greene filed this action on December 8, 2025. ECF No. 1. Greene filed an application to proceed without prepaying fees and costs, which the court denied as incomplete. ECF No. 2, 7. She filed a new application on January 8, 2026. ECF No. 10. The court finds that application facially sufficient and **GRANTS** the application to proceed without prepaying fees and costs (ECF No. 10). But for the reasons explained below, her complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, and/or for seeking

monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. PROCEDURAL HISTORY

First, a procedural note. The court denied Greene's motion to "supplement" her complaint with a partial pleading for several independent reasons. ECF No. 7. But the court noted that she could simply submit one new amended complaint that incorporated her changes. *Id.* In a later "notice," Plaintiff stated that she would be "filing a single, complete First Amended Complaint" in order to cure any deficiencies the court had pointed out in her supplemental pleading. ECF No. 9. But the court is not in receipt of any amended pleading as of writing. Greene was given an opportunity to file her amended complaint and was warned that the court is obliged to perform a screening analysis under 28 U.S.C. § 1915(e). ECF No. 12. Because she did not file an amended complaint, the court relies on her complaint at ECF No. 1.

## II. ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C.

§ 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it

---

[1] Generally, affirmative defenses should be considered after a defendant responds, but if the affirmative defense is clear from the face of the complaint, a court may dismiss under Rule 12(b)(6) instead – and immunity from monetary relief is an independent reason to screen a claim under the PLRA. *See* 28 U.S.C. § 1915(e)(2); *Jones v. Bock,* 549 U.S. 199, 215 (2007).

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
*Id.* at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Greene formally brings the following claims: claims under 42 U.S.C. § 1983 for illegal search and seizure (Fourth Amendment), excessive bail (Eighth Amendment), and due process and equal protection violations (Fourteenth Amendment). ECF No. 1, PageID.4. She also, liberally construing her complaint, brings a malicious prosecution claim for "racially discriminatory prosecution." ECF No. 1, PageID.9. She also says these actions were "intended to deprive me of federally protected rights under 42 U.S.C. §1981[,]" and seeks to remove her state criminal prosecution to federal court under 28 U.S.C. § 1443(1).

**A.   Section 1981**

4

First, although Plaintiff at times references an attempt to deprive her of her rights under 42 U.S.C. § 1981, she provides no factual allegations to explain what that interference might be.  For example, she says, "The Defendant asserts that the prosecution is racially motivated and that his rights under []42 U.S.C. §1981[] - particularly the right to make and enforce contracts without racial discrimination - are being denied."  ECF No. 1, PageID.11.  But how a state criminal prosecution for an allegedly fraudulent financing statement (ECF No. 1, PageID.19) constitutes interference with her right to contract under 42 U.S.C. § 1981 is not explained.  Her unadorned and unexplained allegations relating to § 1981 are therefore dismissed for failure to state a claim upon which relief can be granted.

**B.     28 U.S.C. § 1443(1)**

Although Greene brings a host of claims under § 1983 (which the court will address in the following section), a fair reading of Plaintiff's complaint is that the thrust of the complaint seeks removal of her state criminal prosecution to federal court.  Generally, federal courts do not – indeed, cannot – interfere with ongoing state criminal prosecutions.  *See Younger v. Harris*, 401 U.S. 37 (1971).  There are exceptions to that

rule, most relevantly here the ability of a state criminal defendant to remove their prosecution to federal court if they are "denied or cannot enforce in the state courts a right under any law providing for the equal civil rights of those persons." 28 U.S.C. § 1443(1). Or in other words, the rights claimed by the defendant must first "arise under a law that falls within the scope of Section 1443(1)," and second, "the removing defendant also must specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil-rights law under which protection is sought." Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3727 (Rev. 4th ed. Sep. 2025).

It is plain from the face of the complaint that this attempt at removal is procedurally improper. When seeking to remove a criminal prosecution to federal court, a defendant must file a notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The notice must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* at 1455(a). Greene admits that her arraignment occurred on October 21, 2025, but this complaint was not filed until December 8, 2025 (more than 30 days

later).  *See* ECF No. 1, PageID.9.  Even construing her civil complaint as a notice of removal, her exhibits do not appear to include all process, pleadings, and orders served on her in the state action, and in any event was untimely.

Had Greene properly sought to remove her state criminal proceeding, she also does not meet the standard for removal.  Section 1983, and more specifically the underlying constitutional provisions that she alleges constitute a violation of Section 1983 in this case, are not generally considered provisions that fall within the scope of § 1443(1).  *See Alabama v. Conley*, 245 F.3d 1292, 1295–1296 (11th Cir. 2001) (to extent plaintiff relied upon broad assertions under the Equal Protection Clause or 42 U.S.C.A. § 1983, those rights were insufficient to support removal); *Town of Haverstraw v. Barreras*, 361 F. Supp. 2d 317 (S.D. N.Y. 2005) (holding that § 1443(1) does not apply when alleged deprivation of rights is attributed to state officials, rather than to the wording of state laws or constitutional provisions).  And even if Section 1983 may fall within Section 1443(1)'s first prong, Greene does not assert any facts showing that she cannot enforce her federal equal rights in her state-court criminal proceeding.  *See Johnson v.*

*Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights); *Grubbs v. Pound*, 374 F.2d 448, 450 (6th Cir. 1967) ("The statute does not justify federal interference where a party is deprived of any civil right by reason of discrimination or illegal acts of individuals or judicial or administrative officers.  If the alleged wrongs are committed by officers or individuals the remedy is the prosecution of the case to the highest court of the state and then to the Supreme Court . . . .") (quoting citation omitted); *City of Greenwood v. Peacock*, 384 U.S. 808, 827–28 (1966) ("Under [§] 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."); *Doe v. Berry*, 967 F.2d 1255 (8th Cir. 1992) (A defendant claiming that he had been or would be denied his "equal civil rights" because of a racially motivated criminal prosecution giving rise to procedurally unconstitutional state civil actions was not entitled to remove his case under the federal civil rights removal statute since the

8

issues involved could be decided in the state court and the defendant could seek review of any adverse rulings in the Supreme Court).

All of Greene's claims under § 1443(1) are therefore dismissed for failure to state a claim upon which relief can be granted.

### C.    Section 1983

This leaves Greene's claims against all Defendants for violations of 42 U.S.C. § 1983.  Plaintiff seeks compensatory damages, punitive damages, declaratory relief, and injunctive relief.  *See* ECF No. 1, PageID.8.  She brings suit against: (1) the State of Michigan, Michigan Attorney General Dana Nessel, and Assistant Attorney General Daniel Grano (the "State Defendants"); (2) the Macomb County Prosecutor's Office, the Macomb County Sheriff's Office, and the Fraser Police Department (the "Municipality Defendants"); (3) Joseph Boedeker, Denise M. Hart, Pauline Delvillano, and Mark Fratarcangli (the "Individual Municipal Defendants"); (4) Beacon Management Company, Rochester Villa Apartments, and Absalom Johnson (the "Private Party Defendants"), and (5) the 41B District Court.

All of her claims must be dismissed, though for slightly different reasons.

9

*1)    State Defendants*

First, the State of Michigan is immune from monetary damages in a § 1983 suit.  *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Young v. Michigan*, No. 25-13351, 2025 LX 509936, at *3 (E.D. Mich. Nov. 14, 2025).  So Plaintiff's claims against the State of Michigan, Attorney General Dana Nessel, and Assistant Attorney General Daniel Grano in their official capacities for monetary damages must be dismissed.

Reading her complaint very liberally to allege a claim against Grano his individual capacity,[2] Plaintiff does not make any specific allegations about Grano's participation, but the exhibits to her complaint show that he acted as prosecutor in cases against Greene. *E.g.* ECF No. 1, PageID.54.  But in that capacity, and absent any facts to the contrary, he is entitled to absolute prosecutorial immunity.  *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from [§] 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Brown v. Mich. State Trooper*

---

[2] Even liberally construed, Nessel is not connected to the factual allegations of the complaint beyond her official capacity, and the court does not read such a claim into the complaint.

*Logan Dushan*, No. 25-1260, 2025 LX 483188, at \*4 (6th Cir. Oct. 9, 2025).  Greene's individual capacity claim against Grano must be dismissed for seeking monetary damages from an immune defendant.

As far as her complaint can be construed to seek injunctive relief from this court under *Ex parte Young* ("Enter an immediate stay of proceedings in 41-B District Court under 28 U.S.C. § 1455(b)(3)"), that relief is barred under *Younger v. Harris*.  ECF No. 1, PageID.16; *Younger v. Harris*, 401 U.S. 37, 56 (1971) (holding that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate).

Her claims against the State Defendants are dismissed because she seeks monetary relief against defendants immune from suit and/or because she fails to state a claim upon which relief can be granted.

### 2) *Municipality Defendants*

Greene's next set of claims are against the Macomb County Prosecutor's Office, the Macomb County Sheriff's Office, and the Fraser Police Department (the "Municipality Defendants").  These claims are properly construed as brought against the municipalities they are sub-

11

entities of, and the claims themselves arise under municipal liability. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). But a local government is not responsible under § 1983 solely because injuries were inflicted by its employees or agents. *Monell*, 436 U.S. at 694. Only when a government's official policy or custom inflicts the injury is the local government as an entity responsible under § 1983. *Id.* A plaintiff must therefore specify a governmental policy or custom from which her injuries flowed. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 436 (6th Cir. 2013). Greene, however, does not provide any specific factual allegations upon which the court could find a policy, custom, or practice sufficient to establish *Monell* liability. Her allegations, which make no mention of a municipal custom, policy, or practice, sound in specific injuries inflicted by agents of the government on a single occasion – the type of *respondeat superior* liability that *Monell* does not allow. *See Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020).

Her claims against the Municipality Defendants must therefore be dismissed for failure to state a claim upon which relief can be granted.

12

### 3)   Individual Municipal Defendants

Next up are the Individual Municipal Defendants – those individuals who are identified for their municipal roles.  These are: Joseph Boedeker ("Administrator Judge"), Denise M. Hart ("Assisting Prosecutor"), Pauline Delvillano ("Deputy Clerk"), and Mark Fratarcangli ("Acting Judge").

Boedeker and Fratarcangli are judges apparently involved in some way in Greene's state prosecution (the complaint does not specify). However, "[j]udicial officers generally are absolutely immune from civil suits for monetary damages . . . for their judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)).   There are exceptions: "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citation omitted). And "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.  There are no allegations, however, that the state court lacks jurisdiction over Greene or that any action has been taken by these defendants in a nonjudicial capacity.  Each of these two defendants, to the extent any allegations

13

are specifically brought against them at all, are entitled to absolute judicial immunity.

Notably, *only* these two Judges could be, on the limited facts alleged, plausibly responsible for the decision to set bail and Plaintiff's Eighth Amendment claim for excessive bail. *See Ghaith v. Rauschenberger*, 493 F. App'x 731, 739 (6th Cir. 2012) (police officers could not be held responsible for state court's decision to impose bond). But judges are immune for that judicial act. *Evans v. McDonald*, No. 25-11574, 2025 LX 471011, at *8 (E.D. Mich. Sep. 23, 2025) (absolute judicial immunity for setting bail); *see Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997) (judges immune for "paradigmatic judicial acts"). So Plaintiff's excessive bail claim, in particular, is only relevant to those two defendants and is barred by absolute immunity.

Absolute immunity has also been extended to officers performing "quasi-judicial" duties. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). This includes persons performing "tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847. Delvillano, as Deputy Clerk, is presumptively entitled to that absolute immunity.

14

Greene makes no specific allegations explaining how Delvillano is related to this case, so Greene fails to plausibly state a claim against her. To the extent that the court can infer that Delvillano acts as an arm of the court in the state criminal prosecution in her role as Deputy Clerk, she is entitled to absolute immunity for those acts.

Last up is Assistant Prosecutor Hart. Claims against prosecutors in their capacity as such are generally barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from [§] 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Brown v. Mich. State Trooper Logan Dushan*, No. 25-1260, 2025 LX 483188, at *4 (6th Cir. Oct. 9, 2025); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993). The focus of the inquiry is how closely related the prosecutor's conduct is to her role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).

Plaintiff makes no specific allegations against Hart, so there are no allegations that Hart acted outside of her official role as advocate (and for that matter, there are no factual allegations establishing her

15

involvement at all).  Because there are no specific allegations as to Hart, Greene fails to state a claim against her; to the extent any could be inferred (in other words, making the assumption that Hart is part of the ongoing state criminal prosecution against Greene), the lack of any claim that Hart acted outside the ongoing judicial process entitles her to absolute immunity.

Notably, even if a malicious prosecution claim were brought in this case against a non-immune defendant, Greene has not satisfied the requirement that the prosecution be first terminated in her favor.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus").  So any particular claim based on malicious prosecution must be dismissed for failure to state a claim, whether or not the particular defendant is immune from monetary relief.

16

Against these individual defendants, Greene's claims are dismissed for failure to state a claim upon which relief can be granted and for seeking monetary damages against defendants immune from suit.

### 4)   *Private Party Defendants*

The last grouping are the Private Party Defendants.  For plaintiffs alleging violation of § 1983, plaintiffs must claim that "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Simescu v. Emmet County Dept. of Social Servs.*, 942 F.2d 372, 374 (6th Cir. 1991) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).  If either element is missing, then a plaintiff's § 1983 claim will not prevail.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  A person is a state actor only if his or her actions are attributable to the state.  *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995).  Conduct causing a deprivation is fairly attributable to the state only if (1) it is caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and (2) the party charged with the deprivation is a

17

person who may fairly be said to be a state actor. *Herring v. City of Ecorse*, No. 24-1916, 2025 WL 2105263, 2025 LX 346903, at \*17 (6th Cir. July 28, 2025). The typical ways that the second prong can be shown is if a) the private entity exercise powers which are traditionally exclusively reserved to the state (the "public function" test), such as running elections or eminent domain, b) the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state (the "state compulsion" test), or c) there is a sufficiently close relationship (*i.e.* through state regulation or contract) between the state and the private actor so that the action may be attributed to the state (the "nexus" test). *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citing *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (further citations omitted)).

Plaintiff makes no allegations that are sufficiently detailed to establish that any of the private party defendants may fairly be considered a state actor. Greene states in an entirely conclusory manner that these defendants acted "jointly under color of state law," but there are no specific factual allegations that explain how that is the

18

case.  ECF No. 1, PageID.7.  Her conclusory allegations, devoid of factual enhancement, are not entitled to the assumption of truth and do not cross the line into facial plausibility.  *See Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at \*4 (6th Cir. Oct. 21, 2025).  She does, to be fair, make one specific allegation: Absalon Johnson of Beacon Management (Plaintiff's property manager) apparently provided law enforcement a key to enter Plaintiff's property.  ECF No. 1, PageID.15.  But how or why he did so is not explained; there is no specific factual allegation to explain how that decision would qualify as state action, nor does Plaintiff explain how his action might have been "compelled" by the state.  This too is insufficient to cross the line into facial plausibility.

Plaintiff's claims against these defendants must be dismissed for failure to state a claim upon which relief can be granted.

### 5)   41B District Court

Last of all is the sole remaining defendant, the 41B District Court. ECF No. 1, PageID.3.  However, it is not clear whether that court is subject to Eleventh Amendment state sovereign immunity.  If judged to be an arm of the state, "[a] state court is not a 'person' for purposes of

19

42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute."
*Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997).  But if the court
is not an arm of the state, then it could instead be viewed as a sub-
entity of a municipality and the naming of the local court ought to be
construed as a suit against the municipality it sits in.  *See Alkire v.
Irving*, 330 F.3d 802, 811 (6th Cir. 2003) (calling *Mumford* into question
and setting out factors to consider in making the finding that a court is
an arm of the state); *but see Geller v. Washtenaw Cty.*, No. 04-72947,
2005 U.S. Dist. LEXIS 38228, at *23 (E.D. Mich. Dec. 29, 2005) (finding,
for example, the Washtenaw County Trial Court to be arm of the state
and immune from liability).  The court need not, however, try and
puzzle out which applies here on the limited facts available from the
complaint.  If the 41B District Court is an arm of the state, it is immune
from suit.  Or if, in the alternative, Plaintiff meant to sue the municipal
entity that court is located in, that liability too has been addressed
above.  And as far as the complaint can be construed to seek injunctive
relief against the 41B District Court or to remove the case pending
there to this court, those matters, too, have been addressed above.  All
claims against 41B District Court are dismissed for failure to state a

claim or as claims brought against a defendant immune from monetary relief.

### D.    Frivolousness

Finally, the court points out that Plaintiff never explains exactly what documents she is alleged to have fraudulently filed as financing statements in her criminal prosecution, but she attaches a number of exhibits to her complaint that would seem to fit the bill.  *See, e.g.*, ECF No. 1, PageID.28-53.

But the content of each one of those documents bear all the hallmarks of so-called "sovereign citizen" filings.[3]  "Sovereign citizens believe that they are exempt from the jurisdiction of any legitimate court—state or federal—and often file legal documents to 'free themselves from the yoke of federal citizenship.'"  *Powell v. Michigan*, No. 22-10816, 2023 U.S. Dist. LEXIS 29740, at *4 (E.D.

---

[3] For example: Plaintiff's documents, which variously purport to create some kind of trust or estate or "surety bond," claim that her "nationality is Michiganian National of the Michigan Republic and not a citizen or subject of the United States federal corporation, its territories, or its political subdivisions."  ECF No. 1, PageID.45; *see also id.* at PageID.40 (referencing "Prime Minister William Frazier" of the "Michigan State Republic, United States Minor, Outlying Islands"); *id.* at PageID.80 (Plaintiff was in the past arrested for driving without a license and claiming she was "traveling" in commerce and not "driving"); Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 167 (2019) ("The most common type of Sovereign Citizen claim encountered by local and state police, as well as federal border patrol agents, is the 'right to travel.'").

Mich. Jan. 24, 2023) (quoting *United States v. Cook*, No. 3:18-CR-00019, 2019 U.S. Dist. LEXIS 108991, 2019 WL 2721305, at *1 (E.D. Tenn. June 28, 2019)) (second quoting citation omitted). "Sovereign citizen" arguments and related documentation have long been recognized as meritless. *Noles v. IRS*, No. 22-6064, 2023 U.S. App. LEXIS 18997, at *3 (6th Cir. July 25, 2023). Federal claims based on the validity of such documentation are patently frivolous and are properly dismissed for lack of subject-matter jurisdiction. *Jackson v. United States*, No. 25-1530, 2025 LX 447094, at *3 (6th Cir. Nov. 6, 2025). So although here the court dismisses her claims on the basis that she seeks monetary relief against immune defendants and for failure to state a claim upon which relief can be granted, to the extent that her complaint and exhibits offer any glimpse at the merits, any underlying claims based on the alleged validity of those documents would likely be frivolous and based on indisputably meritless legal theories that would fail to invoke this court's jurisdiction.

## III.  CONCLUSION

For the reasons explained in detail above, Plaintiff's complaint is **DISMISSED** for failure to state a claim on which relief may be

granted, and because it seeks monetary relief against defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An order of judgment will follow.

**SO ORDERED.**

Dated: February 27, 2026                    s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge